1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   NYLONDA JAZZ SHARNESE and        ) NO. CV 10-6796-VAP (MAN)
     RONALD R. SHEA ,                 )
12                                    )
                    Plaintiffs,       ) ORDER ACCEPTING FINDINGS AND
13                                    )
          v.                          ) RECOMMENDATIONS OF UNITED STATES
14                                    )
     STATE OF CALIFORNIA, et al.,     ) MAGISTRATE JUDGE
15                                    )
                    Defendants.       )
16   _____)

17

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint

19   filed on September 13, 2010, the motion to dismiss filed by defendants

20   on October 6, 2010 (Docket Nos. 7-9, "Motion to Dismiss"), the motion

21   for leave to amend and proposed First Amended Complaint filed by

22   plaintiffs on December 18, 2010 (Dockets Nos. 16-17, "Motion to Amend"),

23   the motion for sanctions filed by plaintiffs on March 2, 2011 (Docket

24   No. 29, "Plaintiffs' Sanctions Motion"), the opposition and reply

25   briefing (including exhibits) filed by the parties in connection with

26   the foregoing motions, all of the records herein, the Report and

27   Recommendation of United States Magistrate Judge ("Report"), and

28

plaintiffs' "Response" to the Report, with accompanying Exhibits.[1]  The Court has conducted a *de novo* review of those portions of the Report to which objections have been stated in writing.

Among other things, the Magistrate Judge concluded that plaintiff's state law claims should be dismissed, because plaintiffs failed to allege timely compliance with the claims filing provisions of the California Tort Claims Act ("CTCA") and apparently could not do so, given their concession, at a December 8, 2010 hearing, that no CTCA claim had been presented.  In their Response, plaintiffs allege that, after they received the Report, they concluded that they had complied with the CTCA, because on an unspecified date, they **"timely filed** a complaint with the Judicial Council that substantially complied with" the requirements of the CTCA.  (Response at 67.)  Plaintiffs have attached to the Exhibits a declaration by plaintiff Ronald R. Shea, who states that he "filed a complaint with the Judicial Council vis-à-vis the referenced matter within the six-month window granted under the California Tort Claims Act."  Plaintiff Shea has attached to his declaration a copy of a May 24, 2011 letter from Staff Counsel Cynthia Dorfman at the Commission on Judicial Performance for the State of California, which references a pending complaint filed by plaintiffs.

---

[1]   A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation.  *See* Brown v. Roe, 279 F.3d 742, 744–45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621–22 (9th Cir. 2000).  The Exhibits to the Response include new evidence not previously submitted in this case,  The Court has exercised its discretion to consider all the Exhibits to the Response, including the new evidence.

1    Under the CTCA, claims against a judicial entity and its employees

2  for money or damages must be presented in accordance with the provisions

3  of Chapter 1 (California Government Code § 900 *et seq.*) and Chapter 2

4  (California Government Code § 910 *et seq.*) of the California Government

5  Code.  *See* California Government Code § 905.7.  The pertinent provision

6  for the presentation of claims to a judicial branch entity is California

7  Government Code § 915(c).  Section 915(c)(1) provides that, when a claim

8  is asserted against "a superior court or a judge, court executive

9  officer, or trial court employee," it shall be delivered or mailed to

10 the "court executive officer" of the pertinent superior court.

11 Plaintiffs' submission of a complaint to the Judicial Council does not

12 comply with Section 915(c)(1).  Thus, the new evidence submitted with

13 the Response does not affect the correctness of the Report's conclusion

14 regarding the CTCA and plaintiff's state law claims.

15

16    Having completed its review, the Court accepts the findings and

17 recommendations set forth in the Magistrate Judge's Report and concludes

18 that this action must be dismissed.  For the reasons set forth in the

19 Report, plaintiffs' federal claims must be dismissed without leave to

20 amend.  Even assuming, *arguendo*, that plaintiffs had complied with the

21 CTCA, because the claims over which the Court had original jurisdiction

22 are being dismissed, the Court would decline to exercise supplemental

23 jurisdiction over the numerous state law claims plaintiffs have alleged.

24 *See* 28 U.S.C. § 1367(c)(3).

25

26    Accordingly, IT IS ORDERED that:

27

28    (1)  The Motion to Dismiss is GRANTED;

(2)  The Motion to Amend is DENIED;

(3)  Plaintiffs' Sanctions Motion is DENIED;

(4)  Defendants' request for sanctions set forth in their Opposition to Plaintiffs' Sanctions Motion is GRANTED, and sanctions in the amount of $2,760 are imposed against plaintiff Ronald R. Shea;

(5)  The Complaint is dismissed without leave to amend; and

(6)  This action is dismissed as follows:

(a)  The First through Sixth and Eleventh Causes of Action of the Complaint are dismissed with prejudice with respect to defendants the State of California (which has appeared as the Superior Court of California, County of Los Angeles) and Los Angeles Superior Court Judge Michael A. Latin;

(b)  The Third and Fourth Causes of Action are dismissed with prejudice with respect to defendant Patti Sundstrom; and

(c)  The Seventh through Tenth Causes of Action are dismissed without prejudice.

///

///

///

///

4

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

2 the Judgment herein on the parties.

3

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6 DATED:  February 8, 2012

7

8

9                  VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE